# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

FELIPE RAMIREZ-ARELLANO,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-19

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Felipe Ramirez-Arellano appeals the 210-month guideline sentence on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his guilty-plea conviction of conspiracy to distribute and possession with intent to distribute 100 grams or more of heroin.  He argues that the district court erred in failing to apply U.S.S.G. § 2D1.1(b)(16), the safety-valve adjustment, because he met the criteria of U.S.S.G. § 5C1.2(a), in particular the requirement that he provide the government with all information that he possessed.

Ramirez-Arellano contends that law-enforcement officers always assume that a defendant is withholding information and that he should not be penalized based on the subjective belief of the agent.  He further asserts that he took the affirmative step of offering to cooperate early in the proceeding, but the government delayed conducting an interview for almost a year, and his memory faded concerning the details surrounding the offense.  Additionally, Ramirez-Arellano points out that other circuits have determined that a good-faith effort to provide information is sufficient to satisfy the cooperation requirement of § 5C1.2, and he contends that he made the requisite good-faith effort to cooperate.

This court will uphold the district court's factual determination of whether a defendant qualifies for the safety valve if it is not clearly erroneous; we conduct a *de novo* review of the district court's legal interpretation of the safety-valve standard.  *United States v. McCrimmon,* 443 F.3d 454, 457 (5th Cir. 2006); *United States v. Treft,* 447 F.3d 421, 426 (5th Cir. 2006).  A decision is not clearly erroneous unless it is not plausible in light of the entire record. *See United States v. Davis,* 76 F.3d 82, 84 (5th Cir. 1996).

Under § 2D1.1(b)(16), a defendant is eligible for a two-level safety-valve reduction if he meets the criteria listed in § 5C1.2(a), which includes a requirement that, by sentencing, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme

or plan." § 5C1.2(a)(5); *see also* § 3553(f)(5).

The district court's determination that Ramirez-Arellano did not fully and truthfully debrief is plausible in light of the entire record. *See Davis,* 76 F.3d at 84. The government's assertion that Ramirez-Arellano failed to provide the agent with complete and truthful information was bolstered by defense counsel's acknowledgment to the district court that counsel did not believe that his client had provided all the information he had. Ramirez-Arellano provided no evidence showing his full cooperation. In light of the evidence in the record, the district court did not clearly err in determining that Ramirez-Arellano failed to carry his burden of showing that he was entitled to the application of the safety-valve reduction. *See United States v. Moreno-Gonzalez,* 662 F.3d 369, 375 (5th Cir. 2011); *cf. Treft,* 447 F.3d at 426 (affirming the denial of the safety-valve reduction where the parties stipulated at sentencing that the defendant had failed to provide the government with all information concerning the offense).

The judgment of sentence is AFFIRMED.